**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DESIREE MCDONALD,<br><br>                    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF HEALTH, *et al.*,<br><br>                    Defendants. | Civil Action No. 24-04476 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court upon Defendants State of New Jersey Department of Health, Ann Klein Forensic Center, Charles Moore, and David Kensler's Motions to Dismiss *pro se* Plaintiff Desiree McDonald's Complaint (ECF No. 1) and First Amended Complaint (FAC) (ECF No. 17) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1) and 12(b)(6). (ECF Nos. 20, 23.) Plaintiff opposed, and Defendants replied. (ECF Nos. 25, 28.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motions are **GRANTED** to the extent they seek dismissal of Plaintiff's FAC and **DENIED as moot** to the extent they seek dismissal of Plaintiff's initial Complaint.

I.  **BACKGROUND**[1]

On April 2, 2024, Plaintiff filed her initial Complaint, in which Plaintiff alleges that she was wrongfully suspended and then terminated from her employment with the Ann Klein Forensic Center[2] for refusing to receive a Covid-19 vaccine.  (ECF No. 1.)  Although not specifically alleged, Plaintiff appears to work as a "charge nurse" at the Center.  (ECF No. 25 at 2.[3])  Plaintiff names as Defendants the State of New Jersey Department of Health, the Ann Klein Forensic Center, and Charles Moore (the employee relations coordinator who served Plaintiff with her suspension and termination notices).  (ECF No. 1.)  Plaintiff contends that Defendants violated her First Amendment[4] rights by wrongfully denying her request for a religious exemption from vaccination.[5]  (*Id.* at 6.)  Plaintiff claims she refused vaccination based on her Christian faith because "cells from aborted fetuses" are used in testing the Covid-19 vaccine, and Christians "do not believe in abortion." (*Id.*)  Plaintiff also claims that the Covid-19 vaccine was rushed to market without appropriate testing, and that the vaccine has been found to be unsafe.  (*Id.* ("It takes 10 years to study and approve vaccines according to the John[s] Hopkins University and the FDA's protocol. . . .  I would not have been able to make an informed decision when these shots weren't

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

[2] According to Defendants, the Ann Klein Forensic Center is a psychiatric hospital that "provides care and treatment to individuals suffering from mental illness who are also within the legal system." (ECF No. 20-1 at 16.)

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4] *See* U.S. Const. amend. I.

[5] The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

tested."); *id.* at 7 ("The shots have been found to NOT be effective or safe by multiple countries under new emerging multicount[r]y studies").)

In addition to her First Amendment claim, Plaintiff also alleges that Defendants' refusal to grant her a vaccination exemption violated the Nuremberg Code.[6] (*See id.* at 6 ("My human rights which are protected by [the] Nuremberg Code have also been violated. The Nuremberg code states in its first point that in order to run medical experiments, the voluntary consent of human subjects are necessary.").)

In January and February 2025, Plaintiff filed two letters requesting to amend her Complaint to assert claims against additional defendants. (ECF Nos. 10, 13.) The Court granted both requests, directing Plaintiff to "file a formal amended complaint in accordance with Rules 8 and 15 of the Federal Rules of Civil Procedure." (ECF Nos. 11, 14.) On March 25, 2025, Plaintiff filed a letter requesting a "hearing date for discovery." (ECF No. 15.) The Magistrate Judge denied Plaintiff's request because Plaintiff had not yet amended her Complaint. (ECF No. 16.) The Magistrate Judge directed Plaintiff to amend her Complaint by April 8, 2025, and ordered that Plaintiff's failure to do so would result in her initial Complaint being deemed the operative pleading. (*Id.*)

On April 8, 2025, Plaintiff filed her FAC. (ECF No. 17.) Plaintiff's FAC—which does not reference her initial Complaint—dropped Charles Moore as a Defendant and added David Kensler. (*Id.*) Plaintiff alleges that Kensler was the CEO of the Ann Klein Forensic Center at the time of her termination. (*Id.* at 3.) According to Plaintiff, Kensler "was pushing or encouraging 100%

---

[6] "The Nuremberg Code, developed as a result of the war criminal trials before the Nuremberg Military Tribunals following World War II, and in response to the human experimentation experiments of Nazi Germany, [] deals with ethical principles governing human subject research." *Wash. Univ. v. Catalona*, 437 F. Supp. 2d 985, 1000 (E.D. Mo. 2006), *aff'd*, 490 F.3d 667 (8th Cir. 2007).

cooperation with the vaccination despite individual beliefs amongst his employees." (*Id.*) Plaintiff alleges that Kensler "had his Covid task force [] harass [her] on a regular basis to get vaccinated, even before it was mandated." (*Id.*) Plaintiff further alleges that, once Covid-19 vaccinations became mandatory, Kensler considered only medical (not religious) exemptions. (*Id.*) Finally, Plaintiff claims that there was no one to speak with about why religious exemptions were denied. (*Id.*)

Unlike Plaintiff's initial Complaint, the FAC contains no allegations about Plaintiff's religious beliefs or why she refused to get vaccinated. (*Compare* ECF No. 1 *with* ECF No. 17.) And in contrast to the initial Complaint—which asserted violations of the First Amendment and the Nuremberg Code—the FAC does not reference a specific cause of action. (*See generally* ECF No. 17.) In the FAC, Plaintiff seeks reinstatement of her employment with back pay, the removal of her prior suspension from her record, and "the recommendation that [she] sign a settlement agreement containing a waiver of claims against the State[] be removed from the terms and condition[s] of obtaining [her] job back." (*Id.* at 4.)

On May 22, 2025, Defendants State of New Jersey Department of Health, Charles Moore, and the Ann Klein Forensic Center moved to dismiss Plaintiff's Complaint and FAC. The Motion to Dismiss also included arguments on behalf of Kensler, who had not yet been served, "[i]n the interest of judicial economy and avoiding the filing of multiple, likely similar motions to dismiss." (ECF No. 20-1 at 13.) Counsel thereafter accepted service on behalf of Kensler and refiled the same Motion to Dismiss. (ECF No. 23.)

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United*

4

*States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016).

Rule 12(b)(1) also encompasses dismissals for "lack of jurisdiction due to Eleventh Amendment immunity." *Nemeth v. Office of the Clerk of the N.J. Superior Court*, Civ. No. 19-16809, 2020 WL 2537754, at *2 (D.N.J. May 19, 2020). State sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 494 (D.N.J. 2015). Once a challenge to jurisdiction is raised under Rule 12(b)(1), the plaintiff bears the burden to demonstrate the existence of subject-matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

**B.     Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint,

courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (citation and some quotation marks omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g.*, *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Though "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d. Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "Courts are to construe

complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing Fed. R. Civ. P. 8(f)). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### III. DISCUSSION

#### A. The Operative Pleading

As a threshold issue, the Court must identify the operative pleading. *See Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.*, Civ. No. 20-3324, 2021 WL 4705231, at *2 (3d Cir. Oct. 8, 2021). In light of Plaintiff's *pro se* status—and "in the interest of completeness and finality"—Defendants seek dismissal of both Plaintiff's initial Complaint and her FAC. (ECF No. 20-1 at 13.) However, "[a]n amended complaint replaces the original and renders the original null and void, unless the amended complaint 'specifically refers to or adopts the earlier pleading.'" *Smith v. Fed. Bureau of Prisons*, Civ. No. 24-10269, 2024 WL 5197196, at *1 n. 1 (D.N.J. Dec. 20, 2024) (quoting W. *Run Student Hous. Assocs., LLC*, 712 F.3d at 171).

Although Plaintiff may have intended her FAC to be read in conjunction with her initial Complaint, the FAC neither references nor adopts Plaintiff's initial Complaint. (*See generally* ECF No. 17.) And while the Court must liberally construe Plaintiff's pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from

7

superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). Here, the Magistrate Judge directed Plaintiff to "file a formal amended complaint in accordance with Rules 8 and 15," (ECF No. 14), and Plaintiff styled her FAC as "Ammend [sic] Complaint," (ECF No. 17). The Court therefore finds that the FAC is the operative pleading, and it declines to consider any allegations beyond it. *See March v. Dep't of Def.*, Civ. No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) ("[W]e disagree with the District Court's decision to look to [the plaintiff's] original complaint to help fill the factual void in his amended complaint." (citing *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025))); *see also Lamb v. CVS Pharmacy LLC*, Civ. No. 24-1709, 2025 WL 1672340, at *1 n.2 (3d Cir. June 13, 2025) ("[The plaintiff] also attempts to revive a negligence claim she brought in her initial complaint. The operative complaint, however, is the [s]econd [a]mended [c]omplaint, and we do not consider allegations from the initial complaint." (citing *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019))).

Accordingly, to the extent Defendants seek dismissal of Plaintiff's initial Complaint, Defendants' Motions are denied as moot.

> **B.     Failure to Accommodate**

The FAC includes no specific cause of action, but Plaintiff does allege that Kensler refused to "accommodate a religious exemption" to the Covid-19 vaccine mandate. (ECF No. 17 at 3.) The Court therefore construes Plaintiff's FAC as asserting a failure to accommodate claim under Title VII of the Civil Rights Act of 1964. *See Aquil v. City of Newark*, Civ. No. 24-10021, 2025 WL 88690, at *1 (D.N.J. Jan. 13, 2025) (construing *pro se* plaintiff's complaint alleging religious discrimination against employer under Title VII). Defendants contend that such a claim fails. The Court agrees.

"To establish a *prima facie* case of religious discrimination [for failure to accommodate], the employee must [allege]: (1) she holds a sincere religious belief that conflicts with a job

8

requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement." *Hashmi v. City of Jersey City*, Civ. No. 19-18884, 2021 WL 4059852, at *8 (D.N.J. Sept. 7, 2021) (quoting *Webb v. City of Phila.*, 562 F.3d 256, 259 (3d Cir. 2009)) (alterations in *Hashmi*).

Defendants argue that Plaintiff fails to sufficiently allege the first prong of her *prima facie* case—that Plaintiff refused to get the Covid-19 vaccine because of her sincerely held religious beliefs. (ECF No. 20-1 at 60-68.) Under the Third Circuit's ruling in *Africa v. Commonwealth of Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981), courts analyzing religious discrimination claims must determine whether a plaintiff's beliefs "address fundamental and ultimate questions having to do with deep and imponderable matters, are comprehensive in nature, and are accompanied by certain formal and external signs." *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 491 (3d Cir. 2017) (citation modified); *see also Harvey v. Bayhealth Med. Ctr., Inc.*, 715 F. Supp. 3d 594, 600 (D. Del. 2024) ("To adequately plead a religious belief, a plaintiff must allege some facts regarding the nature of her belief system, as well as facts connecting her objection to that belief system. . . . In other words, she must demonstrate that her objection arises from a subjective belief that is tied to her belief system which meets the *Africa* factors.") (citation modified), *aff'd sub nom. McDowell v. Bayhealth Med. Ctr., Inc.*, Civ. No. 24-1157, 2024 WL 4799870 (3d Cir. Nov. 15, 2024).

Here, Defendants argue that Plaintiff does not meet the *Africa* factors. (ECF No. 20-1 at 64.) In support, Defendants rely on Plaintiff's exemption request, in which Plaintiff noted her preference for "natural remedies, herbs, natural medicines, etc."[7] (*Id.* at 61.) Defendants also

---

[7] Defendants attach Plaintiff's vaccination exemption request as an exhibit to their Motion to Dismiss and assert that it may be considered by the Court. (*See* ECF No. 20-1 at 17 n.2). "A court may consider any document 'integral to or explicitly relied upon in the complaint' when

9

argue that Plaintiff has not alleged that "her views were manifested in formal and external signs, such as 'formal services, ceremonial functions, the existence of clergy, structure and organization, efforts at propagation, observation of holidays and other similar manifestations associated with the traditional religions.'" (*Id.* at 64-65 (citing *Africa*, 662 F.2d at 1032).) In opposition, Plaintiff asserts that she is "a Christian believer that vaccination and non[-]natural interference is a destruction of true immunity and angers God." (ECF No. 25 at 5.) Plaintiff also asserts that she "hold[s] true another Christian faith that diseases are simply illusions or curses that can be cured through faith."[8] (*Id.*)

The FAC is devoid of any allegations regarding Plaintiff's religious beliefs beyond the bald assertion that Kensler "wasn't trying to accommodate a religious exemption." (ECF No. 17.) Although it is clear from Plaintiff's initial Complaint and opposition brief that Plaintiff is Christian,

---

ruling on a motion to dismiss." *Miller v. Brozen*, Civ. No. 23-2540, 2024 WL 4024363, at *4 (D.N.J. Aug. 30, 2024) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). The Court need not consider the exemption request for purposes of ruling on Defendants' Motions due to the threadbare nature of Plaintiff's FAC.

[8] The Court notes that Plaintiff's initial Complaint and opposition brief contain several assertions that the Covid-19 vaccine is unsafe. (*See, e.g.*, ECF No. 1 at 7 ("Numerous licensed doctors, surgeons, scientists, and other health professionals are whistleblowing and discovering alarming data regarding the covid shots."); *id.* at 6 ("The Holy bible states we have a duty to protect our holy temple (body) from anything (substance, food, practice) that we have conviction would cause harm."); ECF No. 25 at 2 ("My point stands strong still that the Covid-19 mRNA vaccination was/is unsafe.").) But "[b]eliefs that are effectively medical in nature or amount to an 'isolated moral teaching' are insufficient to state a religious belief for purposes of Title VII and NJLAD." *Aliano v. Twp. of Maplewood*, Civ. No. 22-5598, 2023 WL 4398493, at *5 (D.N.J. July 7, 2023); *see also Brown v. Children's Hosp. of Phila.*, 794 F. App'x 226, 227 (3d Cir. 2020) (noting that to state a religious discrimination claim under Title VII, "it is not sufficient merely to hold a 'sincere opposition to vaccination'; rather, the individual must show that the 'opposition to vaccination is a religious belief.'" (quoting *Fallon*, 877 F.3d at 490)); *Ritter v. Lehigh Valley Health Network*, Civ. No. 22-4897, 2024 WL 643543, at *2 (E.D. Pa. Feb. 15, 2024) (dismissing failure to accommodate claim based on refusal to receive Covid-19 vaccination where the plaintiff alleged that her Christian faith taught her that her body was a "temple of His Holy Spirit" and that through prayer "the Holy Spirit [] moved on [her] heart, and conscience that [she] must not accept the COVID-19 vaccines.").

10

the FAC includes no such allegation. Moreover, the FAC includes no allegations to satisfy the *Africa* factors (*i.e.*, that Plaintiff's beliefs "address fundamental and ultimate questions having to do with deep and imponderable matters, are comprehensive in nature, and are accompanied by certain formal and external signs"). *Fallon*, 877 F.3d at 491 (citation modified). It would be inappropriate for the Court to rely on allegations contained in Plaintiff's initial Complaint or in her brief in opposition to Defendants' Motion to Dismiss. *See Royal Canin U. S. A., Inc.*, 604 U.S. at 35 ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'") (citation omitted); *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted); *March*, 2025 WL 2417754, at *1. The Court therefore finds that the FAC fails to state a claim for religious discrimination under Title VII.[9]

Accordingly, Plaintiff's FAC will be dismissed without prejudice, and Plaintiff will be granted leave to file a Second Amended Complaint.[10]

---

[9] Defendants argue that Plaintiff's claim likewise fails to the extent it is asserted under the New Jersey Law Against Discrimination (NJLAD). For the same reasons as outlined with respect to Plaintiff's Title VII claim, the Court agrees. *See Aliano*, 2023 WL 4398493, at *4 ("Claims brought pursuant to NJLAD [for failure to accommodate] are assessed in the same way as claims under Title VII.") (citation omitted).

[10] Had Plaintiff not omitted from the FAC her prior claim under the Nuremberg Code, the Court would likely dismiss it for failure to state a claim. *See Winans v. Cox Auto., Inc.*, 669 F. Supp. 3d 394, 403 (E.D. Pa. 2023) ("[The p]laintiff is not the first litigant to assert that his employer violated the Nuremberg Code by implementing mandatory COVID-19 precautions. . . . . However, none of those claims have survived the earliest stages of litigation[.]") (internal citations omitted) (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motions to Dismiss (ECF Nos. 20, 23) are **GRANTED** to the extent they seek dismissal of Plaintiff's FAC and **DENIED as moot** to the extent they seek dismissal of Plaintiff's initial Complaint. Plaintiff's FAC (ECF No. 17) is **DISMISSED** without prejudice. Plaintiff will be granted thirty (30) days to file a Second Amended Complaint to the extent she can cure the deficiencies identified by the Court. Plaintiff's Second Amended Complaint shall include all relevant factual background and allegations against all Defendants, and it shall not incorporate prior pleadings by reference.[11] An appropriate Order follows.

Dated: October 30, 2025

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[11] Plaintiff's initial Complaint and FAC consist of less than two typewritten pages and a handful of handwritten paragraphs. Defendants responded with an overlength (58-page) brief in support of their Motion to Dismiss. (ECF No. 20-1.) The Court subsequently accepted Defendants' brief, but only because Plaintiff had already opposed the Motion. (ECF No. 31.) If Defendants move to dismiss Plaintiff's Second Amended Complaint, their briefing shall comply with the page limits set forth in the District of New Jersey's Local Civil Rules. *See* L. Civ. R. 7.2.